■ In the Matter of KRISTIAN J.P. et al., Appellants, v JEAN-NETTE I.C. et al., Respondents. [930 NYS2d 704]—

Memorandum: In this proceeding pursuant to Domestic Relations Law § 112-b, petitioners appeal from an order denying their petitions to enforce a visitation provision in the postadoption contact agreement with respect to two of their biological children who had been adopted by respondents (*see generally* Social Services Law § 383-c [2] [b]). Contrary to petitioners' contention, Family Court applied the appropriate standard when making its determination on the petitions. Pursuant to Domestic Relations Law § 112-b (4), "[t]he court shall not enforce an order [incorporating a postadoption contact agreement] unless it finds that the enforcement is in the child[ren's] best interests." Here, petitioners were afforded a full and fair evi-

dentiary hearing, and the court's determination that continued visitation was not in the children's best interests has a sound and substantial basis in the record (*see generally Matter of Heidi E. [Tresea F.—Phyllis G.]*, 68 AD3d 1174 [2009]). Moreover, petitioners were each expressly warned prior to signing the judicial surrenders with respect to those children that any postadoption contact agreement was subject to modification based upon the best interests of the children.

We reject the further contention of petitioner Kristian J.P. (hereafter, biological father) that the court erred in granting respondents' cross petition seeking an order requiring the biological father to stay away from and refrain from any contact with respondents and the subject children. Although the petitions were filed pursuant to Domestic Relations Law § 112-b, the nature of the instant proceeding is the determination of visitation rights. We therefore conclude that the court has the authority to issue an order of protection "set[ting] forth reasonable conditions of behavior to be observed for a specific time by any petitioner" pursuant to Family Court Act § 656. Inasmuch as the court's order did not "plainly state the date that [the stay-away provision] expires" (Family Ct Act § 154-c [1]), we modify the order by directing that the stay away provision is in effect until the 18th birthday of the youngest subject child (*see generally Matter of Thomas v Osborne*, 51 AD3d 1064, 1068-1069 [2008]; *Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]). Finally, we reject the biological father's contention that he was denied effective assistance of counsel, inasmuch as he failed to demonstrate that he was "deprived of meaningful representation and that counsel's deficiencies caused [him] to suffer actual prejudice" (*Matter of Nicholas GG.*, 285 AD2d 678, 679 [2001]). Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.